IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:21-cr-236 (MSN) |
| MOHAMED IBRAHIM ELDOSOUGI, | |
| Defendant. | |

**POSITION OF THE UNITED STATES ON SENTENCING**

The United States of America hereby submits this position on sentencing, currently scheduled for August 29, 2024. In sum:

(1) The United States submits that the guideline calculation set forth in the Presentence Investigation Report prepared by the Probation Office is accurate. The government believes that the advisory guideline range for the defendant is 24 to 30 months, based on an offense level total of 17 and a criminal history category of I. Dkt. 47 at ¶¶133-134. The United States asks that the Court adopt these findings.

(2) In its plea agreement with the defendant, the United States stated that it would seek a sentence of 15 months. The United States submits that a sentence of 15 months is reasonable and warranted by a consideration of the sentencing factors set forth in 18 USC § 3553, and we ask that the Court impose a sentence of 15 months imprisonment.

(3) The United States agrees that the defendant has clearly accepted responsibility for his offense and has assisted authorities in the investigation and prosecution of the defendant's own misconduct by timely notifying the United States of his intention to enter a guilty plea. As

a result, the United States moves for a one-level decrease in his offense level pursuant to USSG § 3E1.1 (a) and (b). The one-level decrease is reflected in the above guideline calculation.

## I. Background

The defendant was charged on February 24, 2024, in Counts 1 and 4 of a superseding indictment. Dkt. 6. Count 1 charged the defendant with conspiracy to distribute controlled substances, in violation of 21 USC §§ 841 and 846; Count 4 charged him with obstruction of justice, in violation of 18 USC § 1503. On June 11, 2024, the defendant entered a guilty plea to the obstruction charge. Dkt. 42-45.

## II. Sentencing Guidelines

The guideline provisions for obstruction of justice look first to the underlying offense, which, in this case, is a conspiracy to distribute drugs. In the statement of facts accompanying the defendant's plea agreement, the defendant stipulated to a drug quantity of at least 100 kilograms, but less than 400 kilograms, of converted drug weight, corresponding to an offense level of 24. With a two-level increase for the possession of dangerous weapons, the defendant's drug conspiracy offense level would be a level 26. Under the obstruction guidelines, the drug offense level is reduced by 6 levels, resulting in an offense level of 20. With a three-level reduction for acceptance of responsibility and a timely guilty plea, the defendant's offense level total is 17, resulting in an advisory guideline range of 24 to 30 months. Dkt. 47 at ¶¶ 87-97, 98-101, 133-134.

## III. The 18 U.S.C. § 3553 Factors

The United States submits that a sentence of 15 months is consistent with the factors articulated in 18 U.S.C. § 3553, which the Court must consider when imposing its sentence.

Under § 3553(A)(1), the Court must consider the nature and circumstances of the offense and characteristics of the defendant. The Presentence Report fairly describes the offense of conviction, applicable relevant conduct, and the defendant's family background and personal history. The defendant has been involved in various criminal activities for almost a decade. For almost five years, beginning in or about 2015, the defendant obtained marijuana and other controlled substances from Tony Le and other members of the Reccless Tigers for subsequent distribution to the defendant's customers. The defendant joined the gang as a member of Club Tiger in 2015. He knew the gang engaged in a number of criminal activities in Northern Virginia in addition to drug trafficking, including acts of violence.

As noted in the PSR, the defendant has had a long history of substance abuse (Dkt. 47 at ¶¶ 118-122). While on pre-trial release in this case, he tested positive for fentanyl use on three occasions. He has acknowledged using fentanyl as well as various prescription drugs over the past several years. Prior to his arrest in this case, the defendant had undergone drug treatment for the use of opiates, MDMA, methamphetamine, ketamine, and marijuana.

Several of the § 3553 factors in this case – the seriousness of the offense, respect for the law, just punishment, and deterrence – suggest that a sentence greater than 15 months is warranted. The defendant, like many of his Club Tiger associates, sold large quantities of marijuana and other drugs, which generated substantial profits for the gang. Dkt. 47 at ¶ 67. Most of the gang's violence was over the money the gang had earned through the sale of drugs by its members and associates. The initial assault of Brandon White, for example, which eventually led to his murder, was over White's "tab" – the money he owed the gang for marijuana that White had sold while in high school. Similarly, the violence and intimidation directed at "snitches" was primarily about money; cooperating with law enforcement was simply

bad for business. In other words, even though the defendant was not directly involved in gang violence, his involvement in the gang's drug trafficking is nonetheless a serious offense and deserving of significant punishment.

Under § 3553, the Court, however, must also consider other factors that would support a finding that a 15-month sentence is sufficient in this case. One such factor it the need to avoid unwarranted sentence disparities. One other defendant associated with the Reccless Tigers, Keira Ta, pled guilty to a charge of obstruction of justice. She, like the defendant, had distributed significant quantities of drugs she obtained through the gang. Keira Ta was sentenced to 15 months. Dkt. 47 at § 38. Aaron Yohannes was also a member of Club Tiger and a close associate of the defendant. Yohannes, who pled guilty to the distribution of fentanyl, was sentenced to time-served, which was about 10 months. Dkt. No. 1:23-cr-16.

Another factor justifying a below-guideline sentence of 15 months is the need to provide the defendant with medical and substance abuse treatment. The defendant has a number of medical issues stemming from a 2021 car accident requiring ongoing care and possibly surgery. Dkt. 47 at ¶ 115. In addition, the defendant has had a serious drug abuse problem. Prior to his arrest in this case, he was using fentanyl daily and has been for several years. Dkt. 47 at ¶¶ 118-122. It is unlikely that the defendant would qualify for any of the BOP drug rehabilitation programs if he were given a guideline or greater sentence. A below-guideline sentence of 15 months would serve to keep the defendant "clean" for several more months, at which time he could begin substance abuse treatment locally. Of note, a 15-month sentence would result in a remaining period of incarceration of about nine months, given that the defendant will receive four months credit for time-served and another two months credit for good conduct under 18 U.S.C. § 3624.

For these reasons, and for the reasons set forth in the PSR, we ask that the Court find that a sentence of 15 months is an appropriate and reasonable sentence for the defendant and consistent with the factors set forth in 18 U.S.C. § 3553 and sentence him accordingly.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By:          /s/         

James L. Trump
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3726
jim.trump@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of August, 2024, I filed the foregoing pleading with the Clerk of Court using the Court's electronic filing system, which will serve all counsel of record.

By: _____/s/_____
James L. Trump
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3726
jim.trump@usdoj.gov